Per Curiam.

The first question raised in this appeal is whether the trial court erred in overruling appellant’s motion for discharge filed under the provisions of Section 2937.21, Revised Code.
This section was enacted as a part of Amended Substitute Senate Bill No. 73 by the One Hundred and Third General Assembly, “relative to making practice and procedure in the trial of criminal offenses uniform in courts inferior to the Court of Common Pleas.” Thus, since the present proceeding was begun in the Court of Common Pleas, Section 2937.21 is not applicable thereto.
The second question in this appeal arises from the refusal of the trial court to provide appellant with a bill of particulars upon a motion timely made.
The right of an accused to be informed of the exact nature of the offense with which he is charged is inherent in our laws and applies equally to cases where one is charged with a misdemeanor or a felony; the basic right is the same in either instance and an accused must be explicitly informed of the offense with which he is charged so that he has an adequate opportunity to prepare his defense.
This right arises under Section 10 of Article I of the Ohio Constitution, which provides in part as follows:
“In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof * *
To implement this right and to provide for the execution thereof, the General Assembly provided in Section 2941.07, Revised Code, as follows:
“The prosecuting attorney, if seasonably requested by the defendant, or upon order of the court, shall furnish a bill of particulars setting up specifically the nature of the offense charged.”
The purpose- of the bill of particulars is to inform an accused of the exact nature of the charges against him so that he can prepare his defense thereto.
The right to a bill of particulars provided for in this section is not a matter of discretion with the court but is manda *365 tory if the charge laid is vague or indefinite. State v. Petro, 148 Ohio St., 473.
Having determined that it is mandatory for the trial court to furnish a bill of particulars if the charge laid is so indefinite that the accused cannot prepare his defense thereto, we come now to a consideration of the affidavit filed in the Court of Common Pleas in the present case.
The charging part of this affidavit reads as follows:
“* * * one James Arthur Fowler, Jr., 1126 N. Main St., Dayton, Ohio, did operate a certain motor vehicle displaying Ohio license 976 NB over and upon South Main Street in the village of Marysville at about the hour of 10:00 p. m. while under the influence of intoxicating liquor, narcotic drugs or opiates in violation of Sec. 4511.19 of the Ohio Revised Code * * * J ?
This charge is substantially in the words of the statute. Although under the provisions of Section 2941.05, Revised Code, a charge laid in the terms of the statute is sufficient to charge the crime, this section is not dispositive of the issue before us. The fact that the use of the terms of the statute is sufficient to charge an offense does not negate the right of the accused to a bill of particulars if the charge is indefinite or vague and does not fully inform him of the offense with which he is charged.
The statute under which appellant was charged, the terms of which were incorporated in the affidavit filed against appellant, is written in the alternative and reads as follows:
“No person who is under the influence of intoxicating liquor, narcotic drugs, or opiates shall operate any vehicle, streetcar, or trackless trolley within this state.”
Under the charges laid in the affidavit appellant was charged with driving either under the influence of intoxicating liquor or under the influence of narcotic drugs or under the influence of opiates, which charge applied to him, he would not know from the affidavit.
Although it might be argued that appellant well knew whether he was intoxicated or under the influence of drugs at the time of his arrest, that is not the dispositive question. It is not what he knew about himself, but whether, from the affidavit, he could determine what charge the state intended to *366 attempt to prove. He could not so tell from this affidavit. Clearly, under such circumstances, appellant was entitled to a bill of particulars.
Where a charge against an accused is drawn in the alternative, then an accused is entitled to be informed by a bill of particulars on which of the alternatives the state intends to proceed or whether it intends to proceed on both.
In other words, an affidavit charging a misdemeanor under the state law filed in the Court of Common Pleas must clearly and explicitly inform the accused of the offense with which he is charged, and where such affidavit is vague or indefinite the accused, under the provisions of Section 2941.07, Revised Code, is entitled to a bill of particulars.
The final question of which we must dispose is whether such refusal was prejudicial error so as to require a reversal in this case. An examination of the record shows that appellant presented no evidence in the trial court. Although it is impossible to determine the reason therefor, it might well be that because of the alternative allegations in the affidavit appellant did not know what evidence was necessary for his defense. Under such circumstances, the judgment of the Court of Appeals must be, and hereby is, reversed, and the cause remanded for a new trial.

Judgment reversed.

Taft, C. J., Matthias, Herbert and Gibson, JJ., concur.
Zimmerman, O’Neill and Griffith, JJ., dissent.